# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40414
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RIGOBERTO MATA, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-897-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Rigoberto Mata, III, appeals his concurrent, 34-month, within-guidelines sentences for conspiring to transport and move an undocumented alien within the United States and transporting and moving and attempting to transport and move an undocumented alien within the United States for private commercial gain. Mata challenges the district court's application of enhancements under U.S.S.G. § 2L1.1(b)(6) and (b)(7). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40414

We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *See United States v. Fernandez*, 770 F.3d 340, 342, 344-45 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). We also review the district court's relevant conduct determination for clear error. *See United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999).

There was no error in enhancing Mata's sentence pursuant to § 2L1.1(b)(6), which applies "if the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." Mata was part of a conspiracy to transport eleven undocumented immigrants, some of whom were driven, unrestrained, in the bed of his coconspirator's pickup truck. "We have repeatedly held that the [§] 2L1.1(b)(6) enhancement is appropriate where the defendant transported unrestrained aliens in the bed of a pickup truck." *United States v. Maldonado-Ochoa*, 844 F.3d 534, 537 (5th Cir. 2016). Given Mata's ability to observe his coconspirator's truck, the district court did not clearly err in finding that Mata could reasonably foresee that the undocumented immigrants would be transported in a manner that created a substantial risk of serious bodily injury. *See* U.S.S.G. § 1B1.3(a)(1)(B) (relevant conduct includes reasonably foreseeable acts by others that are within the scope of, and in furtherance of, jointly undertaken criminal activity).

There likewise was no error in enhancing Mata's sentence pursuant to § 2L1.1(b)(7), which applies if any person actually sustained bodily injury. At least one of the individuals riding in Mata's coconspirator's truck suffered serious injuries when, in an effort to evade authorities, Mata's coconspirator crashed the pickup. *See* § 2L1.1(b)(7)(B). The record supports that Mata could

reasonably foresee the substantial risk of harm from transporting unrestrained individuals as well as the likelihood that his coconspirator would seek to evade authorities. *See* § 1B1.3(a)(1)(B); *cf. United States v. De Jesus-Ojeda*, 515 F.3d 434, 442–43 (5th Cir. 2008) (holding substantial risk of injury was reasonably foreseeable to defendant who participated in immigrant smuggling scheme during the summer in Texas, even where defendant did not know precisely how the smuggling would occur and did not personally escort the immigrants). That Mata did not specifically foresee that his coconspirator would crash the pickup truck is irrelevant. *See De Jesus-Ojeda*, 515 F.3d at 442–43.

AFFIRMED.